UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOPERATIVE ENTERTAINMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA CLOUD US LLC,<br><br>Defendant. | Case No. 25-cv-01842-LJC<br><br>**ORDER DENYING APPLICATION TO APPEAR PRO HAC VICE AND ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED**<br><br>Re: Dkt. No. 13 |

Plaintiff filed this action on February 20, 2025, apparently represented only by attorney Jennifer Ishimoto, a member in good standing of the California Bar and the bar of the Court.

On April 14, 2025, attorney William P. Ramey III applied to appear pro hac vice to represent Plaintiff as co-counsel to Ishimoto. ECF No. 13. In that application, Ramey declares under penalty of perjury that he has "been granted pro hac vice admission by the Court 0 times in the 12 months preceding this application." *Id.* That declaration is false: Ramey has been granted permission to appear pro hac vice at least five times in this District in the last year. *WirelessWerx IP, LLC v. Zipline Int'l*, No. 24-cv-08462-PHK, ECF No. 27 (N.D. Cal. Mar. 4, 2025); *Kephart Consulting, LLC v. AxxonSoft US, Inc.*, No. 24-cv-06770-KAW, ECF No. 30 (N.D. Cal. Feb. 24, 2025); *CyboEnergy, Inc. v. Duracell Power Ctr., LLC*, No. 24-cv-08891-LJC, ECF No. 10 (N.D. Cal. Dec. 12, 2024); *WirelessWerx IP, LLC v. Life360, Inc.*, No. 23-cv-06725-AMO, ECF No. 38 (N.D. Cal. Oct. 8, 2024); *WirelessWerx IP, LLC v. Lyft, Inc.*, No. 24-cv-01144-VKD, ECF No. 57 (N.D. Cal. Apr. 30, 2024).[1]

---

[1] Ramey also falsely declared under penalty of perjury in the *CyboEnergy* and *WirelessWerx v. Lyft* cases that he had not previously been permitted to appear pro hac vice in the preceding twelve months. *See also Safecast Ltd. v. Google, LLC*, No. 23-cv-03128-PCP, ECF No. 74 (N.D. Cal. Aug. 3, 2023) (previous appearance in the year prior to his application in *Lyft*).

### A. Denial of Application

Previous pro hac vice appearances are material to the consideration of an application because this Court's local rules prohibit appearing pro hac vice "if the applicant . . . [i]s regularly engaged in the practice of law in the State of California." Civ. L.R. 11-3(c).

Ramey's misrepresentation here is particularly egregious because Ramey has recently been sanctioned by another judge in this District for unauthorized practice of law and misconduct related to pro hac vice applications. In *Koji IP, LLC v. Renesas Electronics America, Inc.*, Judge Kang identified "at least **fifty-six** . . . civil actions in the Northern District of California in which Mr. Ramey registered as an attorney of record for a party on the docket for each of those cases, or at a minimum, signed the pleadings identifying himself to be the plaintiff's counsel with '*pro hac vice*' status or '*pro hac vice* anticipated' language added." *Koji IP*, No. 24-cv-03089-PHK, 2025 WL 917110, at *3 (N.D. Cal. Mar. 26, 2025), *appeal docketed*, No. 25-1639 (Fed. Cir. Apr. 11, 2025).[2] Judge Kang noted that Ramey sought permission to appear pro hac vice in only ten of those cases—including each of the five cases listed above where Ramey was granted such status in the year preceding his present application—and specifically quoted the number of prior pro hac vice appearances that Ramey reported on each of those applications. *Id.* at *4.

As Judge Kang noted, among other serious concerns, "Given the sheer number of cases in this District alone in which Mr. Ramey and [another attorney not appearing here] have been involved in recent years, had they properly filed motions for *pro hac vice* admission in these cases, they would certainly have reached the point of disqualification for *pro hac* admission due to their regular engagement in the practice of law in California"—not to mention "the numerous cases in which they have also appeared in the Central District of California." *Id.* at *16.

Judge Kang imposed monetary sanctions of $45,264 against Ramey and ordered him to include that sanctions order "as an attachment to any motion for *pro hac vice* admission filed by or on behalf of any of these lawyers in any action filed in a California federal court during the next five years," as well as providing notice in pending cases and to various disciplinary bodies "no

---

[2] Ramey and others have also filed several motions for relief from Judge Kang's order. *Koji IP*, No. 24-cv-03089-PHK, ECF Nos. 47, 51, 52 (N.D. Cal. Apr. 7–8, 2025)

later than April 26, 2025." *Id.* at *21 (emphasis omitted). But less than three weeks after Judge Kang issued that sanctions order, Ramey filed his present application in this case, with the above-noted false representation of prior pro hac vice appearances, and without a copy of Judge Kang's order. On April 16, 2025, Ramey filed another copy of his application for admission pro hac vice, still bearing an April 14 signature date and the false assertion that he has never been admitted pro hac vice in the last year, but this time attaching Judge Kang's sanctions order, as well as a second order by Judge Kang in *Koji IP* imposing sanctions in response to a motion by the defendant. ECF No. 14.

Under this Court's local rules, the "assigned Judge shall have discretion to accept or reject the application" to proceed pro hac vice. Civ. L.R. 11-3(d). Ramey's application to appear pro hac vice is DENIED, with prejudice, based on: (1) Ramey's false representation under penalty of perjury that he had not been granted permission to appear pro hac vice in the preceding twelve months; and (2) Ramey's extensive and pervasive unauthorized practice of law in this District, false representations regarding pro hac vice status, and related misconduct documented by Judge Kang in *Koji IP*. Each of those reasons is sufficient in itself to deny the application. Ramey also appears to have violated at least the spirit of Judge Kang's sanctions order (if not the letter, depending on how the April 26, 2025 deadline is parsed) by failing to file a copy of that order with the original version of his present application, although he rectified that violation—and only that violation—in his subsequent filing.

### B. Sanctions Against Ramey

Ramey's misrepresentation regarding his previous permission to appear pro hac vice may also warrant sanctions beyond the denial of his application. "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that . . . the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The Court may issue such notice and sanctions sua sponte. Fed. R. Civ. P. 11(c)(3).

3

1  "A sanction imposed under this rule must be limited to what suffices to deter repetition of the
2  conduct or comparable conduct by others similarly situated," and may "include nonmonetary
3  directives" or "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4).  "The district court
4  has wide discretion in determining the appropriate sanction for a Rule 11 violation." *Hudson v.*
5  *Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987); *see also Koji IP*, 2025 WL 917110,
6  at *8.

7  Ramey's assertion that he had "been granted pro hac vice admission by the Court 0  times
8  in the 12 months preceding this application," ECF No. 13 at 1, does not appear to have had
9  evidentiary support.  It is directly contradicted by this Court's records, including but not limited to
10 Judge Kang's recent sanctions order, which Ramey undoubtedly read and considered mere weeks
11 before filing his application in this case, and then attached to his second application that repeated
12 the same false statement.  Judge Kang's imposition of substantial monetary sanctions does not
13 appear to have been sufficient to deter Ramey from continuing to make false representations
14 related to pro hac vice applications in this District.[3]  Ramey is therefore personally ORDERED
15 TO SHOW CAUSE why the following sanctions should not issue under Rule 11, the Court's
16 inherent authority, or any other applicable authority: (1) monetary sanctions in the amount of
17 $1,000 payable to the Court; (2) referral to this Court's Standing Committee on Professional
18 Responsibility to consider additional consequences, potentially including remedial education or
19 restrictions on Ramey's ability to practice in this District; and (3) a requirement to provide a copy
20 of this Order (and any subsequent order imposing sanctions) to the same recipients and in the
21 same circumstances as required by Judge Kang's sanctions order in *Koji IP*.  Ramey shall file a
22 response to this Order no later than April 30, 2025.

---

[3] The Court notes that Ramey made the same false statement in two other cases where he applied for pro hac vice admission on April 14, 2025 (and filed subsequent versions of the same applications attaching Judge Kang's orders on April 16, 2025), but this Order does not rely on those false statements as the basis for sanctions in this case. *See CyboEnergy, Inc. v. N. Elec. Power Tech., Inc.*, No. 23-cv-06121-JST, ECF Nos. 45, 47 (N.D. Cal. Apr. 14 & 16, 2025); *Lime Green Lighting, LLC v. Brilliant NextGen Inc.*, No. 25-cv-00950-VKD, ECF Nos. 8, 9 (N.D. Cal. Apr. 14 & 16, 2025); *see also N. Elec. Power*, ECF No. 46 (N.D. Cal. Apr. 16, 2025) (order to show cause why application should not be denied).

4

### C. Declaration by Plaintiff

Ramey previously represented to Judge Kang that his and his colleagues' "plan . . . going forward [was] to work on California cases by ghostwriting pleadings, briefs, and infringement contentions, as well as lead settlement negotiations, all in the background without informing the judge (or their opponents) of the substantial work they are doing on those cases." *Koji IP*, 2025 WL 917110, at *18. Accordingly, Plaintiff is ORDERED to file a declaration by Jennifer Ishimoto by the same deadline, separate from Ramey's response, indicating whether Ramey authored any of the filings in this action prior to his application to appear pro hac vice.

**IT IS SO ORDERED.**

Dated: April 16, 2025

LISA J. CISNEROS
United States Magistrate Judge

5