TROUTMAN PEPPER LOCKE LLP
Mark Hannemann (*Pro Hac Vice*)
mark.hannemann@troutman.com
875 Third Avenue
New York, NY 10022
Telephone: 212-912-2714

Ryan A. Lewis (Bar No. 307253)
ryan.lewis@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone: 415-477-5719

*Attorneys for Defendant and Counterclaimant
Alibaba Cloud US LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| COOPERATIVE ENTERTAINMENT, INC., <br>        Plaintiff, <br><br> v. <br><br> ALIBABA CLOUD US LLC, <br>        Defendant. | CASE NO. 5:25-CV-01842-BLF <br><br> **DEFENDANT ALIBABA CLOUD US LLC'S MOTION FOR SANCTION OF DISMISSAL** <br><br> HON. BETH LABSON FREEMAN <br> COMPLAINT FILED: 2/20/25 <br><br> Date: September 18, 2025 <br> Time: 9:00 a.m. <br> Room: 1 |
| ALIBABA CLOUD US LLC, <br>        Counterclaimant, <br><br> v. <br><br> COOPERATIVE ENTERTAINMENT, INC., <br>        Counterdefendant. | |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 18, 2025, at 9:00 a.m. in Courtroom 1 of the above captioned Court, Defendant and Counterclaimant Alibaba Cloud US LLC ("Alibaba") respectfully moves the Court pursuant to Fed. R. Civ. P. 41(b) to dismiss this action as a sanction for repeated failures to obey the Court's orders.

This Motion is made on the grounds that Plaintiff's counsel William Ramey has repeatedly failed to obey the Court's orders. This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Mark A. Hannemann, the pleadings and records on file in this action, any other documents referred in or integral to Plaintiff's claims, and such arguments as may be presented to the Court.

Dated: June 6, 2025

Respectfully submitted,

TROUTMAN PEPPER LOCKE LLP

By: */s/Mark Hannemann*
   Mark Hannemann
   Ryan A. Lewis

*Attorneys for Defendant and Counterclaimant Alibaba Cloud US LLC*

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...............................................................................................1

II.  FACTS ................................................................................................................1

III. ARGUMENT.......................................................................................................2

IV. CONCLUSION ..................................................................................................5

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Computer Task Grp., Inc. v. Brotby*,
    364 F.3d 1112 (9th Cir. 2004) ................................................................................3

*Ferdik v. Bonzelet*,
    963 F.2d 1258 (9th Cir. 1992) ........................................................................2, 3, 5

*Henderson v. Duncan*,
    779 F.2d 1421 (9th Cir. 1986) ................................................................................2

*Koji IP, LLC v. Renesas Elecs. Am., Inc.*,
    No. 24-cv-03089-PHK, 2025 U.S. Dist. LEXIS 56687
    (N.D. Cal. Mar. 26, 2025) ...........................................................................1, 2, 3, 4

*Malone v. U.S. Postal Serv.*,
    833 F.2d 128 (9th Cir. 1987) ..................................................................................5

*mCom IP LLC v. City Nat'l Bank of Fla.*,
    No. 23-23427-Civ-Scola/Lett, 2025 U.S. Dist. LEXIS 43754
    (S.D. Fla. Mar. 11, 2025) ........................................................................................3

*Morgan v. State Bar*,
    51 Cal. 3d 598 (1990) .........................................................................................1, 3

*Nevijel v. N. Coast Life Ins. Co.*,
    651 F.2d 671 (9th Cir. 1981) ..................................................................................4

*Pagtalunan v. Galaza*,
    291 F.3d 639 (9th Cir. 2002) ..................................................................................2

*Shahrokhi v. Boutos*,
    No. 2:23-cv-00671-CDS-DJA, 2025 U.S. Dist. LEXIS 27912
    (D. Nev. Feb. 18, 2025) ..........................................................................................3

*Valley Eng. Inc. v. Elec. Eng. Co.*,
    158 F.3d 1051 (9th Cir. 1998) ................................................................................4

**Statutes and Rules**

Fed. R. Civ. P. § 41(b) ................................................................................................1, 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. § 41(b) and the Court's inherent authority, Defendant and Counterclaimant Alibaba Cloud US LLC ("Alibaba Cloud") respectfully requests the Court to dismiss this action, because no lesser sanction will serve to deter future violations of the Court's orders.

## II. FACTS

On March 26, 2025, United States Magistrate Judge Kang entered an order in the case of *Koji IP, LLC v. Renesas Elecs. Am., Inc*. The order sanctioned, among others, William P. Ramey, for the unauthorized practice of law in this Court. The sanctions order specifically found that Mr. Ramey engaged in this unauthorized practice "repeatedly and knowingly in many other cases." *Koji IP, LLC v. Renesas Elecs. Am., Inc.*, No. 24-cv-03089-PHK, 2025 U.S. Dist. LEXIS 56687, at 55 (N.D. Cal. Mar. 26, 2025). "The facts here are truly extraordinary, evincing a pattern of conduct spanning many cases, over many years . . . ." *Id.* at 65. The sanctions order also specifically discussed, and rejected, Mr. Ramey's "plan" to continue working on cases in this Court without securing temporary or permanent admission to the Court. *See id.*, at 57–65.

On May 8, 2025, United States Magistrate Judge Cisneros entered an order in this case denying Mr. Ramey's repeated application for admission *pro hac vice* in this matter. (Dkt. 27).  Eight days later, however, Mr. Ramey nonetheless wrote to counsel for Defendant proposing a discussion with "Jen and I" about settlement of this matter. (Declaration of Mark A. Hannemann ["Hannemann Dec."], Ex. A [lower email]). This was a direct violation of the May 8, 2025, order denying Mr. Ramey permission to participate in this case. *See Morgan v. State Bar*, 51 Cal. 3d 598, 604 (1990) ("engaging in negotiations with opposing counsel concerning settlement . . . constitutes the practice of law"), as well as of Judge Kang's March 26 order.

Mr. Ramey repeated this conduct on June 2, sending another email soliciting a settlement. (*See id.*, Ex. A [upper email]).

### III. ARGUMENT

"Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (dismissing pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute). Because the circumstances here are extreme, Alibaba Cloud respectfully submits that dismissal is appropriate. It is apparent from the extensive record of proceedings in this Court and others that no lesser sanction will deter Mr. Ramey from disobeying this Court's orders.

In determining whether to dismiss this case, the Court must "weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Henderson*, 779 F.2d at 1423; *e.g., Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The first factor (the public's interest in expeditious resolution of litigation) always favors dismissal. *Pagtalunan*, 291 F.3d at 642. Mr. Ramey and his law firm's failure to comply with court orders has led to consuming resources of this and other courts, which would otherwise have been devoted to serving the public's interest by resolving other disputes. *Koji IP, LLC*, 2025 U.S. Dist. LEXIS 56687, at 53 (finding Mr. Ramey and the Ramey law firm have a "long history of repeated instances of rules violations and noncompliance"), 54 (noting "a pattern and practice of violating and flouting ethical rules"), 68–69 (finding Mr. Ramey's conduct "amounted to bad faith, harassment, and an abuse of the federal court system"); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissing case that "consumed large amounts of the court's valuable time [] it could have devoted to other major and serious criminal and civil cases on its docket").

2
MOTION FOR SANCTION OF DISMISSAL
CASE NO. 5:25-CV-01842-BLF

| | |
|---|---|
| 1 | The second factor ("the court's need to manage its docket") reflects that the Court must be able to manage its docket so that it can provide expeditious resolution for litigants. *Ferdik*, 963 F.2d, at 1261 ("[I]t is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants…."). As Mr. Ramey's conduct is a direct violation of this Court's May 8, 2025, order (*see Morgan*, 51 Cal. 3d at 604), and contravenes the Court's March 26, 2025 sanctions order rejecting Mr. Ramey's plan to ghost-lawyer patent cases in this Court (*see Koji IP, LLC*, 2025 U.S. Dist. LEXIS 56687, at 58), the first two factors weigh heavily toward dismissal. *See Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) ("Where a court order is violated, the first and second factors will favor sanctions . . . ."). |
| | The third factor (the risk of prejudice to defendants) also "always weighs in favor of dismissal." *Shahrokhi v. Boutos*, No. 2:23-cv-00671-CDS-DJA, 2025 U.S. Dist. LEXIS 27912, at 8 (D. Nev. Feb. 18, 2025). Mr. Ramey's "failures to comply with the court's instructions, as well as the rules of the court, creates undue delay, prejudices defendants, and overburdens the court," weighing in favor of a terminating sanction in this case. *Id.*, at 8–9; *see, e.g., mCom IP LLC v. City Nat'l Bank of Fla.*, No. 23-23427-Civ-Scola/Lett, 2025 U.S. Dist. LEXIS 43754, at *14 (S.D. Fla. Mar. 11, 2025) (noting "Attorney Ramey's extensive issues with the American legal system"); *Koji IP, LLC*, 2025 U.S. Dist. LEXIS 56687, at 50 (noting "the sheer number of cases in this District alone in which Mr. Ramey … ha[s] been involved in recent years")). |
| | The fourth factor (public policy favoring disposition of cases on their merits) "typically weighs against dismissal." *Shahrokhi*, 2025 U.S. Dist. LEXIS 27912, at 9. In this case, however, it appears the amount in controversy (*see* Hannemann Dec., Ex. A) is only roughly the same as the amount of sanctions that have already been assessed, and so Cooperative and its counsel can between them resolve any prejudice Cooperative would suffer as a result of the dismissal. |

3
MOTION FOR SANCTION OF DISMISSAL
CASE NO. 5:25-CV-01842-BLF

The fifth factor (the availability of less drastic alternatives) does not require that the Court specifically warn Cooperative about Mr. Ramey's conduct before dismissing the case.

> We have said that factor 5 involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal. But despite all this elaboration of factors, we have said that it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning.

*Valley Eng. Inc. v. Elec. Eng. Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

While the Court "need not exhaust" every other option before dismissing a case, *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981), this Court considered, and in fact imposed on Mr. Ramey, numerous different types of sanctions in its March 26, 2025, order in the case of *Koji IP, LLC v. Renesas Elecs. Am., Inc.*, including self-reporting sanctions to disciplinary committees and state and federal bar offices, personal monetary fees, and, because "monetary sanctions alone are not sufficient to deter the conduct at issue," in-person California bar-approved CLE classes on legal ethics and/or professional conduct and law practice management. *Koji IP, LLC*, 2025 U.S. Dist. LEXIS 56687, at 65–78. As the Court noted in *Koji IP, LLC v. Renesas Elecs. Am., Inc.*, Mr. Ramey and his firm have "been sanctioned by numerous other courts across the country" but yet continue to engage in "a pattern and practice of violating and flouting ethical rules." *Id.*, at 53–54.

There is simply no other sanction that will deter future violations of this Court's orders on behalf of plaintiffs like Cooperative. Thus, the fifth factor also weighs strongly in favor of dismissal.

Taken as a whole, the five factors paint a picture of wrongdoing so consistent and so unperturbed by other sanctions that dismissal is necessary.

## IV. CONCLUSION

Dismissal is appropriate where it is supported by at least four factors, *see Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987), or where at least three factors "strongly" support dismissal (*see Ferdik*, 963 F.2d at 1263). Both of those conditions are satisfied here, and Alibaba Cloud respectfully requests the Court to dismiss Plaintiff's complaint.

Dated:  June 6, 2025

Respectfully submitted,

TROUTMAN PEPPER LOCKE LLP

By: */s/ Mark Hannemann*
  Mark Hannemann
  Ryan A. Lewis

*Attorneys for Defendant and Counterclaimant Alibaba Cloud US LLC*